David M. Swartley, ISB# 5230
Lance E. Olsen, ISB# 7106
McCarthy & Holthus, LLP
702 W. Idaho Street, Ste. 1100
Boise, ID  83702
Phone (208) 947-7264
Fax (208) 947-5910

Attorneys for Minnesota Housing Finance Agency

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br>Christine Jo Swanson aka Christine Weber<br>          Debtor | Case No.:  22-00412-NGH<br><br>Chapter   7<br><br>Motion for Relief from Stay |

NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND OPPORTUNITY TO OBJECT AND FOR A HEARING

<u>No objection</u>.  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within seventeen (17) days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

<u>Objection</u>.  Any objection shall set out the legal and/or factual basis for the objection.  A copy of the objection shall be served on the movant.

<u>Hearing on Objection</u>.  The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

NOTICE OF REQUIREMENTS OF 11 U.S.C. § 362(e)

YOU ARE FURTHER NOTIFIED THAT pursuant to 11 U.S.C. § 362(e) the stay of 11 U.S.C. § 362(a) will vacate thirty (30) days from the date of service of this motion unless the Court, after notice and a preliminary hearing, and within said thirty day period, orders the stay continued in effect pending a final hearing and determination under 11 U.S.C. § 362(d). You are further notified that in the event an order continuing the stay is not entered within thirty (30) days from the date this motion is served, that the Court may enter an order without further notice to you annulling the stay as requested in this motion. Any hearing must be upon notice to the undersigned and set by the calendar clerk of the Bankruptcy Court.

MOTION

COMES NOW, Minnesota Housing Finance Agency ("Creditor"), by and through its attorneys of record, the law firm of McCarthy & Holthus, LLP, and pursuant to 11 USC §362(d), hereby submits its Motion for an Order Terminating the Automatic Stay, allowing Creditor to proceed with any and all contractual and statutory remedies incident to the interest held by virtue of the note and deed of trust described below and attached as exhibits to this Motion.

### I.  RELEVANT FACTS

**A. The Property**

On or about June 17, 2016, Dustin Swanson and Christine Swanson executed a note in favor of Marketplace Home Mortgage, LLC in the original principal amount of $7,600.00 ("Note"). The debt described by the Note is secured by a deed of trust ("Deed of Trust") properly recorded and creating a lien against property commonly described as 6808 226th LN NE, Stacy, MN 55079 (the "Property").

Creditor is the holder of the Note and thus has standing to enforce the Note pursuant to Idaho Code § 28-3-303. The Deed of Trust was pledged as incident to the Note and thus, as the holder of the Note, Creditor also has the right to enforce the Deed of Trust that follows the note.

Motion for Relief from Stay - 2
MH# ID-22-171844

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 400
Seattle, WA 98104
(206) 319-9100

Subsequent to the execution of the Note and Deed of Trust, Debtor has filed for protection under Chapter 7 of Title 11 of the United States Code. The filed schedules indicate that the Debtor intends to abandon any interest that she may have in the Property.

### B. The Debt

As of the date of this Motion, Debtor is due for the March 1, 2020 payment. The approximate amount owed under the terms of the Note is $5,822.87. This is an approximation of the lien, including principal balance plus accrued interest, late charges, escrow shortages and other fees and costs, as allowed under the terms of the Deed of Trust. This estimate is accurate as of the date provided to counsel for the Creditor and is intended only for the purposes of this Motion. This amount cannot be relied upon for any other purposes, including payoff of the secured debt. A complete, date specific and itemized payoff figure may be obtained from Movant upon written request to counsel for Creditor.

### C. The Value of the Property

The value of the Property as represented in Debtor's sworn schedules is $256,500.00. Debtor scheduled another lien in favor of Guidance Re/US BK in the amount of $145,583.00. It is unknown what exemptions may be available to the co-borrower Dustin Swanson.

## II. ARGUMENT AND AUTHORITY

### A. Standing

To prosecute a motion for relief from the automatic stay as to enforcement of a note and deed, a movant must establish that it has an interest in the note, either as a holder, or as a party entitled to enforce the note. See *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011). In the case at bar, the affidavit and exhibits supporting the motion establish that Creditor is the holder of the Note and thus has standing to prosecute the present motion.

Motion for Relief from Stay - 3
MH# ID-22-171844

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 400
Seattle, WA 98104
(206) 319-9100

### B. Basis for Relief from Stay

Under 11 U.S.C. 362(d)(1), on request of a party in interest, the court shall grant relief from stay for cause. In the case at bar, the Debtor is surrendering any interest that she may have in the Property. At the time of this Motion it is not certain what legal interest in the Property may remain in the Debtor and/or what interests are claimed by the Co-borrower. However, the loan is in significant default and the Debtor's filed schedules indicate no intent to cure that default. Absent the intent of the trustee to liquidate the Property for the benefit of the estate, there is no reason that Creditor should be delayed in any enforcement efforts during the life of the current chapter 7 filing. For all of the above reasons, there is cause to terminate the stay.

### III. RELIEF REQUESTED

For the reasons stated above, Creditor requests:

1. An Order Terminating the Automatic Stay.

2. Alternatively, for an Order requiring adequate protection of Creditor's interest in the Property.

3. For such other relief as the Court deems proper.

Dated: October 4, 2022

/s/ *David M. Swartley*
David M. Swartley, ISB# 5230
Lance E. Olsen, ISB# 7106
Attorneys for Minnesota Housing Finance Agency

Motion for Relief from Stay - 4
MH# ID-22-171844

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 400
Seattle, WA 98104
(206) 319-9100

## CERTIFICATE OF SERVICE

On 10/4/2022, I served the foregoing **NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MOTION FOR RELIEF FROM THE AUTOMATIC STAY; DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ALL EXHIBITS SUPPORTING THE MOTION AND DECLARATION** on the following individuals by electronic means through the Court's ECF program:

**TRUSTEE**
Timothy R. Kurtz
trk@kurtztrustee.com

**DEBTOR'S COUNSEL**
Hyrum M Zeyer
hyrum@petersonzeyerlaw.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Brenda Blanco-Ortiz
Brenda Blanco-Ortiz

On 10/4/2022, I served the foregoing **NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MOTION FOR RELIEF FROM THE AUTOMATIC STAY; DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ALL EXHIBITS SUPPORTING THE MOTION AND DECLARATION** on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Christine Jo Swanson, 1585 Targhee Street, Mountain Home, ID 83647

**BORROWER**
Dustin Swanson, 104 Lee St., Forest Lake, MN 55025

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Hue Banh
Hue Banh

Motion for Relief from Stay - 5
MH#ID-22-171844

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 400
Seattle, WA 98104
(206) 319-9100